UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MIGUEL ANGEL FRANCO ORTIZ (A-240-465-179),

Petitioner,

v.

MARKWAYNE MULLIN, et al.,

Respondent.

No. 1:26-cv-7576 DC CSK

FINDINGS AND RECOMMENDATIONS

Petitioner Miguel Angel Franco Ortiz (A-240-465-179), a native and citizen of Mexico who is proceeding through counsel, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] This habeas action concerns petitioner's detention by immigration authorities. For the reasons that follow, the Court recommends granting the petition for writ of habeas corpus and ordering petitioner's immediate release.

## I. BACKGROUND

Petitioner is a native and citizen of Mexico. (ECF No. 6-3 at 1.) Petitioner entered the United States on or about July 16, 2016, at which time he was not admitted or paroled after inspection by an immigration officer. (ECF No. 1 at 5; ECF No. 6-3 at 1.)

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

On May 23, 2021, petitioner was arrested in Madera County, California for driving under the influence in violation of California Vehicle Code § 23152(a) (driving under the influence), and on December 6, 2023, petitioner was convicted of violating California Vehicle Code § 23152(b) (driving under the influence with more than 0.08 blood alcohol level). (ECF No. 6-4 at 4.) For this offense, petitioner was sentenced to nine days in jail. (Id.) On September 26, 2021, petitioner was arrested in Madera County, California for driving under the influence in violation of California Vehicle Code §§ 23152(a), (b), and on December 6, 2023, petitioner was convicted of violating California Vehicle Code § 23152(b). (Id. at 4-5.) For this offense, petitioner was sentenced to ten days in jail. (Id. at 5.) On April 4, 2024, petitioner was arrested in Willows, California, located in Glenn County, for driving under the influence in violation of California Vehicle Code §§ 23152(a), (b), and on December 3, 2024, petitioner was convicted of violating California Vehicle Code § 23152(b). (Id. at 5.) For this offense, petitioner was sentenced to 30 days in jail. (Id. at 6.)

The Form I-213 states that on July 13, 2026, petitioner came to the attention of U.S. Immigration and Customs Enforcement ("ICE") for his arrest in Glenn County for driving under the influence. (ECF No. 6-1 at 2.) Petitioner was convicted of this offense on December 3, 2025. On July 14, 2026, petitioner was arrested by ICE officers as petitioner walked near the Memorial Park in Willows, California. (Id.) On July 13, 2026, petitioner was issued a Notice to Appear in Immigration and Nationality Act ("INA") section 240 (8 U.S.C. § 1229a) removal proceedings, which are standard removal proceedings.[2] (ECF No. 6-3 at 1-3.) The Notice to Appear charged petitioner with violating INA section 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i), as a noncitizen present in the United States without being admitted or paroled or who arrived in the United States at any time or place other than as designated by the Attorney General. (Id. at 1.)

Petitioner has remained in ICE detention since July 14, 2026. (ECF No. 1 at 5-6.)

/ / /

[2] Removal proceedings pursuant to 8 U.S.C. § 1229a (INA § 240) are standard removal proceedings, which are different from expedited removal proceedings pursuant to 8 U.S.C. § 1225(b)(1)( (INA § 235(b)(1)).

## II. PROCEDURAL BACKGROUND

On September 17, 2026, petitioner filed his petition for writ of habeas corpus. (ECF No. 1.) On September 28, 2026, respondent filed a reply to the petition. (ECF No. 6.) On October 5, 2026, petitioner filed a traverse. (ECF No. 7.) Briefing is complete.

## III. LEGAL STANDARDS

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

## IV. DISCUSSION

Generally, noncitizens are subject to civil immigration detention only if the noncitizen presents a risk of flight or danger to the community. See Zadvydas, 533 U.S. at 690 (holding that 8 U.S.C. § 1231(a)(6) does not authorize indefinite detention). The petition raises the following claims: (1) violation of the Fifth Amendment Due Process Clause (claims one, three); (2) violation of the Accardi doctrine (claim two); and (3) violation of the INA (claim four). (ECF No. 1 at 8-12.) In the reply, citing Rodriguez Vasquez v. Bostock, 183 F.4th 1160, 1165 (9th Cir. 2026), respondents state that petitioner is detained under 8 U.S.C. § 1226(a) and is entitled to seek a custody redetermination hearing before an immigration judge. (ECF No. 6 at 1.)

### A. Statutory Claim

In Rodriguez Vazquez, the Ninth Circuit concluded that noncitizens "present without admission who are apprehended in the interior of the United States are subject to the detention

regime of § 1226, not § 1225(b)(2)(A)." 183 F.3d at 1165. The majority of courts nationwide agree with this interpretation of Sections 1225 and 1226. See, e.g., Barbosa da Cunha v. Freden, 175 F.4th 61 (2d Cir. 2026); Lopez-Campos v. Raycraft, et al., 175 F.4th 713, 735 (6th Cir. 2026); Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, 175 F.4th 1258, 1285 (11th Cir. 2026); Castañon-Nava v. U.S. Dep't of Homeland Sec., 161 F.4th 1048, 1060-62 (7th Cir. 2025); J.Y.L.C. v. Bostock, 2025 WL 3169865, at *2 (D. Or. Nov. 12, 2025) (collecting cases rejecting the government's assertion that § 1225 empowers DHS to arrest and hold a noncitizen present without legal status who has spent years in the U.S.); Cardona-Lozano v Noem, 2025 WL 3218244, at *6 (W.D. Tex. Nov. 14, 2025) ("Repeatedly, [district courts across the country] have found that DHS and the [Board of Immigration Appeals'] construction of the [Immigration and Nationality Act] is incorrect and that petitioners who have long resided in the United States but are being held under § 1225 are entitled to relief.") (collecting cases)); Faizyan v. Casey, 2025 WL 3208844, at *5 (S.D. Cal. Nov. 17, 2025) (holding that § 1226 applies to a petitioner who "DHS has consistently treated" as subject to discretionary detention and "who has been residing in the United States for two years" (internal quotation marks and citation omitted)); Josue I.C.A. v. Lyons, 2025 WL 3496432, at 3 n.6 (E.D. Cal. Dec. 5, 2025) (collecting cases); Morales-Flores v. Lyons, 2025 WL 3552841, at *3 (E.D. Cal. Dec. 11, 2025) (collecting cases) ("Courts nationwide, including this one, have overwhelmingly rejected respondents' arguments and found DHS's new policy unlawful."); Guerro Lepe v. Andrews, 2025 WL 2716910, at *4 (E.D. Cal. Sept. 23, 2025) (collecting cases).

This Court finds that petitioner is detained under § 1226(a). See Rodriguez Vazquez, 183 F.3d at 1165. "Federal regulations provide that [noncitizens] detained under § 1226(a) receive bond hearings at the outset of detention." Jennings v. Rodriguez, 583 U.S. 281, 306 (2018) (citing 8 C.F.R. § 236.1(d)(1)). As such, petitioner should have received a bond hearing at the outset of his detention. Accordingly, this Court recommends that the petition be granted as to the statutory claim.

**V. PETITIONER'S REMAINING CLAIMS**

Because the Court recommends granting the petition on the statutory claim, the Court

need not address the remaining claims raised in the petition. See N.K. v. Noem, 1:26-cv-0292 KES SAB, 2026 WL 130345, at *1 (E.D. Cal. Jan. 16, 2026) (granting habeas as to the second count of the petition and not addressing other counts because the petitioner was entitled to the relief sought based on the court's ruling as to the second count); Constantinovici v. Bondi, No. 3:25-cv-2405 RBM AHG, 2025 WL 2898985, at *7 (S.D. Cal. Oct. 10, 2025) (granting habeas petition based on due process claim and "declin[ing] to address the remaining grounds in the Petition for seeking release."). Petitioner is entitled to the habeas relief he seeks on the court's ruling as to the statutory claim.

In the traverse, petitioner appears to raise a new claim, arguing that his warrantless arrest violated the Fourth Amendment. (ECF No. 7 at 5-6.) This Court recommends that this new claim be denied. See Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir. 1994) (a traverse is not the proper pleading to raise additional grounds for relief).

**VI. REMEDY**

Respondents do not argue that petitioner is a flight risk or danger to the community. (See ECF No. 6.) Here, petitioner was detained by immigration authorities over one year and seven months after petitioner's most recent conviction for driving under the influence. For this reason, this Court finds that petitioner's driving under the influence convictions do not demonstrate a non-pretextual basis to detain petitioner. See Gonzalez-Navarrete v. Warden, 1:26-cv-5602 DC JDP, 2026 WL 2138159, at *1 n. 2 (E.D. Cal. July 24, 2026) (ordering release of petitioner whose most recent incident in which he was arrested for driving under the influence occurred nearly five months before his immigration detention: "These incidents do not support a reasonable inference that changed circumstances warranted Petitioner's immigration detention such that a post-deprivation bond hearing, rather than release, would be the proper remedy."); Zelaya v. Warden, No. 1:26-cv-5466 DC CKD 2026 WL 2640943, at *1 n.1 (E.D. Cal. Sept. 8, 2026) (ordering release where petitioner's criminal charges were brought 17 and 14 months before immigration detention *and* petitioner was detained during a general traffic stop rather than an operation targeted at petitioner because of these charges: "These facts do not support a reasonable inference that changed circumstances warranted Petitioner's immigration detention such that a

post-deprivation bond hearing, rather than release, would be the proper remedy."). Accordingly, the appropriate remedy for the statutory violation is petitioner's release from immigration detention.

## VII. CONCLUSION

This Court recommends that the petition be granted as to petitioner's statutory claim and that petitioner be immediately released.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus (ECF No. 1) be GRANTED as to the statutory claim.

2. Respondents be ordered to IMMEDIATELY release petitioner Miguel Angel Franco Ortiz (A-240-465-179) and be ordered to provide petitioner with a copy of the release order at or near the time of release. If respondents have custody of petitioner's personal possessions and documents (e.g., identification, passport, work permit, Social Security card, etc.), respondents shall return those to petitioner at the time of release.

3. Respondents be ENJOINED AND RESTRAINED from re-detaining petitioner unless the government demonstrates, by clear and convincing evidence at a pre-deprivation, constitutionally adequate bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified. This injunction does not address other circumstances where detention authority is established under different authority than what is presented in this case (e.g., 8 U.S.C. § 1226(c) or 8 U.S.C. § 1231).

4. The Clerk of the Court be directed to enter judgment in favor of petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **seven days** of the date of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within **seven** days after service of the objections. The parties are advised that

failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 14, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Ortiz7576.imm.157.RELEASE/2