UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL ANGEL FRANCO ORTIZ (A-240-465-179),<br>Petitioner,<br>v.<br>MARKWAYNE MULLIN, et al.,<br>Respondents. | No. 1:26-cv-7576 DC CSK<br><br>ORDER AND FINDINGS & RECOMMENDATIONS |

Petitioner is an immigration detainee, proceeding through counsel, with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons that follow, the findings and recommendations filed October 14, 2026 are vacated and this Court recommends that this action be dismissed.

In the findings and recommendations filed October 14, 2026, this Court recommended that the petition be granted and petitioner be immediately released based on a finding that petitioner was detained under 8 U.S.C. § 1226(a) and failed to receive a bond hearing at the outset of his detention. (ECF No. 8.) On October 21, 2026, respondents filed a Notice of Changed Circumstances stating that on October 8, 2026, an immigration judge issued a removal order and both parties waived appeal. (ECF Nos. 9, 9-2.) On October 21, 2026, respondents filed objections to the findings and recommendations arguing that petitioner is now detained under the 90-day post-order removal period. (ECF No. 10 (citing 8 C.F.R. § 1241.1(b); 8 U.S.C.

§ 1231(a)(1)(B)(i), (a)(2)(A).) On October 22, 2026, this Court ordered petitioner to file a response to respondents' Notice of Changed Circumstances and respondents to file a status report addressing petitioner's status by 5:00 p.m. on Monday October 26, 2026. (ECF No. 11.) In the status report filed October 26, 2026, respondents state that petitioner is currently detained at ERO El Paso Camp East Montana. (ECF No. 12 at 1.) Respondents anticipate that petitioner will be removed from the United States within seven days. (Id.) In the response to respondents' Notice of Changed Circumstances, filed October 26, 2026, petitioner admits that the subsequent final removal order and waiver of appeal shift the formal detention authority to 8 U.S.C. § 1231(a). (ECF No. 13 at 3.) Petitioner argues that that shift does not erase the preceding due process violation or the Court's power to order release as law and justice require. (Id.)

Pursuant to 8 U.S.C. § 1231(a)(1), the Attorney General of the United States shall remove a noncitizen within 90 days, which is referred to as the "removal period." 8 U.S.C. § 1231(a)(1)(A). The removal period begins on the latest of the following: (i) the date the removal order becomes administratively final; (ii) if the removal order is judicially reviewed and a stay of removal is ordered, the date of the court's final order; or (iii) the date the noncitizen is released from detention or confinement. 8 U.S.C. § 1231(a)(1)(B). During the removal period, the noncitizen shall be detained. 8 U.S.C. § 1231(a)(2). If the noncitizen is not removed within the removal period, the noncitizen shall be released and subject to supervision with certain conditions. 8 U.S.C. § 1231(a)(3). U.S. Immigration and Customs Enforcement ("ICE") "may" only continue to detain the noncitizen after the 90-day removal period under certain circumstances, including when the noncitizen is removable on grounds of being convicted of certain criminal offenses. 8 U.S.C. § 1231(a)(6).

A removal order is administratively final upon waiver of a right to appeal that order to the Board of Immigration Appeals. See 8 C.F.R. § 1003.39 ("[T]he decision of the [IJ] becomes final upon waiver of appeal or upon expiration of the time to appeal if no appeal is taken whichever occurs first[.]"); 8 C.F.R. § 1241.1(b) (order of removal becomes final "[u]pon waiver of appeal by the respondent"); see also V.R. v. U.S. Immigration and Customs Enforcement, 2026 WL 1965908, at *2 (E.D. Cal. July 7, 2026) (citing 8 C.F.R. § 1241(b) (order of removal became

administratively final when petitioner waived appeal). Because petitioner waived his right to appeal the order of removal, the order of removal became final on October 8, 2026. The 90-day removal period under § 1231(a)(2) began on October 8, 2026 and ends on January 6, 2027. Petitioner is still detained within the 90-day removal period and is subject to mandatory detention until the expiration of the removal period. See 8 U.S.C. § 1231(a)(2); Zadvydas v. Davis, 533 U.S. 678, 698 (2001) (the statute "mandates detention of certain criminal aliens during the removal proceedings and for the subsequent 90-day removal period."). Accordingly, the October 14, 2026 findings and recommendation are vacated and this Court recommends that the petition be dismissed because petitioner is lawfully subject to mandatory detention under 8 U.S.C. § 1231(a)(2).

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that the October 14, 2026 findings and recommendations (ECF No. 8) are vacated.

Further, IT IS HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus (ECF No. 1) be DENIED.
2. The Clerk of the Court be directed to enter judgment in favor of Respondents and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 29, 2026

Chi Soo Kim

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Ortiz7576.vac.imm/2